# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GERMANI MARIE MADDEN (CANNADY),<br><br>Plaintiff(s),<br><br>v.<br><br>ANNA D. JUAREZ, et al.,<br><br>Defendant(s). | Case No. 2:21-cv-01836-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

On December 10, 2021, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction:

> Plaintiff's complaint is bare bones, but appears to assert tort claims arising out of a security incident at a building owned by a private entity. *See* Docket No. 1-1 (identifying the Molasky Corporate Center). The complaint indicates that this case involves a federal question because Plaintiff alleges that a security guard stated that the office "was a federal building." *Id.* at 3. Plaintiff is suing non-governmental entities, however, and vague reference to the claim arising from action on a "federal property" is not sufficient to establish federal question subject matter jurisdiction. *See Jones v. Queen City Corp.*, 2016 WL 1572077, at *5-6 (E.D. La. Apr. 18, 2016).

1

Docket No. 7 at 1-2. The deadline to respond to the order to show cause was January 7, 2022. *See id.* at 2. Plaintiff has not responded.

Having failed to establish that the Court has subject matter jurisdiction over this case, the undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice to being refiled in state court.[1]

Dated: January 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] Apart from the jurisdictional issue, Plaintiff has not paid the filing fee or filed an application to proceed *in forma pauperis*. On December 10, 2021, the Court ordered (for the second time) that Plaintiff must pay that fee or file an application to proceed *in forma pauperis* by January 7, 2022. Docket No. 6. The Court warned that failure to do so "will result in a recommendation that the case be dismissed." *Id.* Plaintiff did not comply. Plaintiff's case is also subject to dismissal on this ground. *E.g., Zammit v. Solomons*, 2021 WL 3634988, at *1 (D. Nev. Aug. 17, 2021).